UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

MATTHEW ANDREW GARCES,

  *Plaintiff*,

v.                                                                                    Case No. SA-25-CV-00141-JKP

KAREEM A. MOHAMMED, OWNER,
LAS DELICIAS #2;

  *Defendant*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion for Summary Judgement. *ECF No. 25*. Defendant did not respond. Upon consideration, the Motion is **DENIED**.

### FACTUAL BACKGROUND

In the Complaint, Plaintiff Matthew Andrew Garces alleges Defendant forced him to leave the restaurant Las Delicias #2 because Garces's service animal was frightening customers. Garces filed this action asserting a cause of action for violation of the Americans with Disabilities Act of 1990 (ADA) for disability discrimination.[1] Garces seeks money damages and a declaration that Defendants' actions violated the ADA and requiring Defendant to cease this discrimination.

### LEGAL STANDARD

Summary judgment is appropriate if the record shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

---

[1] Garces asserts in the Motion for Summary Judgment that he asserts a cause of action of retaliation; however, he does not.

56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Rodriguez v. Pacificare, Inc.*, 980 F.2d 1014, 1019 (5th Cir. 1993).[2] "A fact is material only if its resolution would affect the outcome of the action." *Wiley v. State Farm Fire & Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009). A genuine dispute for trial exists if the record taken as a whole could lead a reasonable trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 355 (5th Cir. 2010). Because there must be a genuine dispute of material fact, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

The moving party bears the initial burden of informing the court of the basis for the motion and of identifying those portions of the record which demonstrate the absence of a genuine dispute of material fact or the appropriateness of judgment as a matter of law. *Celotex Corp.*, 477 U.S. at 323; *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 163 (5th Cir. 2006). The movant is not required to negate the elements of the nonmovant's case but may satisfy its summary judgment burden by demonstrating the absence of facts supporting specific elements of the nonmovant's cause(s) of action. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075, 1076 n.16 (5th Cir. 1994).

To satisfy this burden, the moving party must provide affidavits or identify any portion of the pleadings, discovery or admissions that demonstrate the absence of a triable dispute of material fact. *Celotex Corp.*, 477 U.S. at 323; *Rodriguez*, 980 F.2d at 1019. "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014). To be

---

[2] Although 2010 amendments replaced "issue" with "dispute," the summary judgment standard "remains unchanged." Fed. R. Civ. P. 56 advisory committee notes (2010 amend.)

entitled to summary judgment on its own cause of action, a plaintiff must show there is no genuine dispute of material fact and establish each element of its cause of action as a matter of law. *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).

A court may not grant summary judgment by default should the nonmovant fail to respond. *Eversley v. MBank of Dallas*, 843 F.2d 172, 174 (5th Cir. 1988); *Hibernia Nat'l Bank v. Admin. Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985); *Bradley v. Chevron U.S.A., Inc.*, No. Civ.A. 204CV092J, 2004 WL 2847463, *1 (N.D.Tex. Dec. 10, 2004). In this event, the Court must review the summary judgment motion to determine whether the movant satisfied its summary judgment burden and thereby shifted the burden. *See Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 335 (5th Cir. 2017).

If the movant carries its initial burden, the burden shifts to the nonmovant to present competent summary judgment evidence showing the existence of a genuine dispute of material fact. *Matsushita*, 475 U.S. at 586–87; *see also* Fed. R. Civ. P. 56(c). Upon the shifting burden, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston, Tex.*, 337 F.3d 539, 541 (5th Cir. 2003); *see also Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which this evidence raises a genuine dispute of material fact. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)). Further, should the nonmoving party fail "to address or respond to a fact raised by the moving party and supported by evidence, the court may consider the fact as undisputed" and "[s]uch undisputed facts may form the basis for a summary judgment." *Broadcast Music*, *Inc. v. Bentley*, SA-16-CV-394, 2017 WL 782932, at *2 (W.D. Tex. Feb. 28, 2017).

In determining the merits of a motion for summary judgment, a court has no duty to search the record for material fact issues or to find a party's ill-cited evidence. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012); *Ragas*, 136 F.3d at 458. In addition, a court may not make credibility determinations or weigh the evidence and must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005).

## DISCUSSION

Garces seeks recovery for discrimination on the basis of disability under the ADA. 42 U.S.C. § 12182, which provides: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation. *Ricks v. DMA Companies*, No. 1:22-CV-773, 2022 WL 4241306, at *2 (W.D. Tex. Aug. 8, 2022) (quoting 42 U.S.C. § 12182(a)). To succeed on a cause of action under Title III of the ADA, a plaintiff must prove: (1) the plaintiff has a disability; (2) the place the defendant owns, leases, or operates is a place of public accommodation; and (3) the defendant denied plaintiff full and equal enjoyment because of his disability. *Prim v. Stein*, 6 F.4th 584, 595 (5th Cir. 2021)(quoting 42 U.S.C. § 12182(a)); *Ricks v. DMA Companies*, No. 1:22-CV-773, 2022 WL 4241306, at *2 (W.D. Tex. Aug. 8, 2022). A plaintiff cannot recover monetary damages for the alleged past discrimination under Title III, but "may obtain only forward-looking relief." *Bracken v. G6 Hosp. LLC*, No. 4:14-CV-644, 2016 WL 3946791, at *3 (E.D. Tex. June 3, 2016); *Allder v. Arcosa Telecom Structures, LLC*, No. 5:24-

CV-145, 2025 WL 1363093, at *6 (E.D. Tex. Apr. 3, 2025), report and recommendation adopted, 2025 WL 1219025.

In his Complaint and in the Motion for Summary Judgment, Garces alleges Defendant discriminated against him based upon a disability by requiring that he leave the establishment due to the accompaniment of "his PTSD service animal." Garces attaches no evidence to the Motion for Summary Judgment to support these statements. However, Garces does state that evidentiary support for his assertion is filed in the record, specifically, a video of the alleged incident. *See ECF Nos. 14,15*. The Court will construe Garces's Motion liberally to include this unverified video as evidentiary support of the Motion for Summary Judgment.[3]

The videos of the incident do not demonstrate the absence of a triable dispute of material fact and do not establish each element of Garces's cause of action as a matter of law. *See Celotex Corp.*, 477 U.S. at 323; *Rodriguez*, 980 F.2d at 1019. For this reason, Garces fails to satisfy his summary judgment burden of proof to show discrimination on the basis of a disability. *See Fontenot*, 780 F.2d at 1194.

Because the Court finds Garces failed to meet his summary judgment burden, the Motion will be denied.

## CONCLUSION

For the reasons discussed, the Court **DENIES** Garces's Motion for Summary Judgment.

---

[3] Garces also states Defendants' failure to file an Answer to this lawsuit is evidentiary support for the Motion for Summary Judgment. However, Defendant's failure to Answer does not establish the elements of Garces's cause of action as a matter of law. *See Eversley*, 843 F.2d at 174; *Fontenot*, 780 F.2d at 1194.

It is so ORDERED.
SIGNED this 8th day of September, 2025.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE